IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHNNY CURRY, § | | |
| TDCJ #1146157, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-07-1571 |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM AND ORDER**

The petitioner, Johnny Curry (TDCJ #1146157), is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). Curry has filed a petition for a federal writ of habeas corpus to challenge a state court criminal conviction. Curry has also filed a memorandum in support of his petition. The respondent has filed a motion for summary judgment, arguing that Curry's petition is barred as untimely filed. (Doc. # 11). Curry has filed a response. (Doc. # 12). After considering all of the pleadings, the records, and the applicable law, the Court grants the respondent's motion and dismisses this case for reasons set forth below.

**I.   BACKGROUND**

On October 21, 2002, Curry pleaded guilty to felony charges lodged against him in state court cause number 907636, accusing him of aggravated robbery. On December 17, 2002, the 338th Judicial District of Harris County, Texas, found Curry guilty as charged and

further found that a deadly weapon, namely, a firearm, was used or exhibited during the commission of the offense. As a result, the trial court sentenced Curry to serve forty-five years of imprisonment in TDCJ.

On direct appeal, Curry's appointed counsel filed a brief requesting leave to withdraw, commonly known as an "*Anders* brief," which advised that a professional evaluation of the record revealed no arguable ground for appeal.[1] The intermediate court of appeals agreed that the appeal was "frivolous" and affirmed the conviction. *Curry v. State*, No. 4-03-00124-CR, slip op. at 1 (Tex. App. — San Antonio, June 23, 2004). In doing so, the court of appeals found that Curry's judicial confession was sufficient evidence to support the plea, as well as the trial court's findings on the issue of guilt and whether a deadly weapon was used during the offense. *See id*. slip op. at 2. Because Curry did not appeal further by filing a petition for discretionary review with the Texas Court of Criminal Appeals, his conviction became final on or about July 23, 2004.

On May 1, 2007, Curry filed the pending petition for a federal writ of habeas corpus under 28 U.S.C. § 2254.[2] In two related claims, Curry contends that he is entitled to relief

---

[1] *See Anders v. California*, 386 U.S. 738, 744 (1967) (holding that counsel appointed for an appeal may request leave to withdraw if he finds the appeal to be frivolous, but must first file a brief identifying "anything in the record that might arguably support the appeal").

[2] The Clerk's office received Curry's pleadings on May 4, 2007, and filed them that same day. For statute of limitations purposes, courts in this circuit treat the date a *pro se* prisoner deposits a federal habeas corpus petition in the mail as the filing date. *See Fisher v. Johnson*, 174 F.3d 710, 712 n.8 (5th Cir. 1999) (citing *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (per curiam)), *cert. denied*, 531 U.S. 1164 (2001). Curry certifies in his petition that he placed his pleadings in the prison mail system on May 1, 2007. Accordingly, the Court (continued...)

because his guilty plea was not voluntarily or knowingly made and because the trial court erred by determining that he possessed a firearm during his initial attempt to commit the robbery at issue. Curry complains further that he was denied effective assistance of counsel. The respondent has filed a motion for summary judgment on the grounds that Curry's petition is barred by the governing one-year statute of limitations. Curry has filed a response. The parties' contentions are discussed below.

## II.     DISCUSSION

### A.     The One-Year Statute of Limitations

According to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), all federal habeas corpus petitions filed after April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). Because the pending petition was filed well after April 24, 1996, the one-year limitations period clearly applies. *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).

Curry challenges a state court judgment of conviction that was entered pursuant to a guilty plea. Under these circumstances, the statute of limitations for federal habeas corpus review began to run pursuant to 28 U.S.C. § 2244(d)(1)(A), at "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." As noted above, Curry's direct appeal was decided on June 23, 2004,

---

[2](...continued)
  considers that the petition was filed on that date.

but he did not pursue a petition for discretionary review with the Texas Court of Criminal Appeals. Thus, his conviction became final on July 23, 2004, when his time to file a petition for discretionary review expired. *See* Tex. R. App. P. 68.2(a) (providing that, absent a motion for rehearing, a petition for discretionary review must be filed within 30 days after the appellate court's judgment). That date triggered the statute of limitations, which expired one year later on July 23, 2005. Curry's pending petition, filed on May 1, 2007, is late by almost two years and is therefore time-barred unless a statutory or equitable exception applies.

### B. Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed" application for state habeas corpus or other collateral review is pending shall not be counted toward the limitations period. A state application for collateral review is "*properly* filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." *Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002)).

Curry filed a state habeas corpus application on September 7, 2005, which the Texas Court of Criminal Appeals denied without a written order on April 26, 2006. *See Ex parte Curry*, No. 64,541-01 (Tex. Crim. App.). Because this state habeas proceeding was filed after the limitations period had already expired, it has no tolling effect for purposes of

§ 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period).

Curry presents no other basis for statutory tolling and the record fails to disclose any. In that regard, Curry has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously if the petitioner had acted with due diligence. *See* 28 U.S.C. § 2244(d)(1)(C), (D). Accordingly, there is no statutory basis to save the petitioner's late-filed claims.

### C.     Equitable Tolling

Curry has filed a response to the summary judgment motion, and he appears to seek equitable tolling. Equitable tolling is an extraordinary remedy that, if available, is only sparingly applied. *See Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Fifth Circuit has held that the statute of limitations found in the AEDPA may be equitably tolled at the district court's discretion where "exceptional circumstances" are present. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). In that respect, the Fifth Circuit has limited the doctrine of equitable tolling to apply "principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Melancon v. Kaylo*,

5

259 F.3d 401, 407 (5th Cir. 2001) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

The Supreme Court has recently stated that district courts have no authority to create "equitable exceptions" to statutory time limitations. *See Bowles v. Russell*, — U.S. —, 127 S. Ct. 2360, 2366 (2007). Assuming that the AEDPA allows it, the Supreme Court has observed, nevertheless, that a habeas corpus petitioner is not entitled to equitable tolling unless he establishes "(1) that he has been pursuing his rights diligently, and (2) 'that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, — U.S. —, 127 S. Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *See Howland v. Quarterman*, — F.3d —, 2007 WL 3276009 (5th Cir. 2007) (citing *Alexander v. Cockrell*, 294 F.3d 626, 269 (5th Cir. 2002)). Curry does not meet that burden here.

As the record reflects, Curry pleaded guilty on October 21, 2002, and was sentenced to forty-five years' imprisonment on December 17, 2002. After his direct appeal was decided against him on June 23, 2004, Curry did not file a petition for discretionary review. Curry waited well over a year, until September 7, 2005, to file a state habeas corpus application to challenge his guilty plea. More importantly, after the Texas Court of Criminal Appeals denied relief on April 26, 2006, Curry waited more than a year to file his federal habeas corpus petition on May 1, 2007. This record demonstrates clear delay on Curry's

part, and he has not demonstrated a valid basis for excusing his compliance with the one-year statute of limitations.

Although Curry proceeds *pro se* on federal habeas review, his incarceration and ignorance of the law do not otherwise excuse his failure to file a timely petition and are not grounds for equitable tolling. *See Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2003) (noting that a petitioner's ignorance or mistake is insufficient to warrant equitable tolling); *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding that "lack of knowledge of the filing deadlines," "lack of representation," "unfamiliarity with the legal process," illiteracy, and "ignorance of legal rights" generally do not justify tolling).

The Court is mindful of the effect a dismissal will have on the petitioner's ability to have his claims heard by a federal court.[3] *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000). However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002), *cert. denied*, 538 U.S. 947 (2003). Given the petitioner's

---

[3] It appears, nevertheless, that Curry's claims were raised and rejected by the state habeas corpus court, which also presided over Curry's guilty plea and sentencing proceeding. *See Ex parte Curry*, No. 64,541-01 at 83-84. Neither the petition nor the memorandum filed by Curry show that the state court's decision to deny relief was contrary to, or resulted in an unreasonable application of, clearly established Supreme Court precedent. Therefore, Curry fails to demonstrate that he is entitled to relief under the governing federal habeas corpus standard of review. 28 U.S.C. § 2254(d). Because the petition is clearly time-barred, the Court declines to address the merits further.

apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Accordingly, equitable tolling will not save his late-filed claims. The Court therefore concludes that the pending federal habeas corpus petition is barred by the applicable one-year limitations period.

## III.   CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the Court concludes that jurists of reason would not debate whether the petitioner the procedural ruling in this case was correct or whether the petitioner stated a valid claim. Accordingly, he is not entitled to a certificate of appealability under the governing standard found in § 2253.

**IV.     CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment (Doc. # 11) is **GRANTED**.

2. The petitioner's application for a writ of habeas corpus is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 9, 2007.

*[signature]*

Nancy F. Atlas
United States District Judge